UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>CHASE MCMILLON,<br>  Defendant. | Case No. 14-cr-00353-JSW-3<br><br>**ORDER REGARDING PROBATION OFFICER TESTIMONY**[1]<br>Re: Dkt. No. 172 |

The Court has received and considered the parties' prehearing briefs for the evidentiary hearing scheduled on February 2, 2021.[2] As a preliminary matter, the parties' briefs suggest that they are not clearly communicating with each other before submitting briefs to the Court or are not amending briefs to address communications that have resolved matters. By way of example, Defendant "requested through the Court that the Government provide notice of" the circumstances set forth in California Penal Code section 653.23(b) that might be used to prove up Charge Three. (Def. Pre-Hearing Brief at 4:16-19.) In its brief, the Government states that it provided this information to Defendant on January 28, 2021. The Court advises the parties that going forward it expects the parties to communicate *and* to incorporate the current state of communications in their filings.

The Government states "it learned this week that the probation office will provide a witness at the hearing in lieu of" USPO Unalp, who was supervising Defendant at the time of the

---

[1] The Court is filing this Order solely in case 14-cr-353-3 because it does not explicitly relate to the matters pending in 20-cr-242.

[2] The Court's Order requested a statement of the elements and the expected evidentiary proof relating to the charges. Each of the parties' briefs contains extraneous information that was not useful to the Court, given its familiarity with this case.

1  charges at issue and who prepared the Form 12.  (Gov. Prehearing Br. at 1:14-15.)³  In light of that
2  change, the Government asks for an "order providing guidance on whether the newly identified
3  witness will be permitted to testify to the contents of the Probation Office file in this matter."  (*Id.*
4  at 1:18-19.)

5  The Court previously issued an Order reserving ruling on whether the Government would
6  be able to present statements by K.S. from the Probation Officer.  (Dkt. No. 129.)  At the time it
7  issued that Order, Mr. Unalp was expected to testify.  It was the Court's understanding that he
8  first-hand knowledge of events, and took that fact into consideration when it ruled because his
9  testimony might provide a foundation to conclude those statements were not hearsay or that an
10 exception would apply.  In contrast, Mr. Magana would be testifying solely to the contents of
11 Defendant's probation file.  A further changed circumstance is that the Government asserts it is no
12 longer citing safety concerns as a basis to not call K.S. as a witness.  That fact undermines its
13 initial showing of good cause.

14 For these reasons, although there may be portions of the probation file that could be
15 introduced through Mr. Magana's testimony, the Court will not permit him to testify about any
16 statements made by K.S. that are contained in that file.  If, in light of this ruling, the scope of the
17 evidentiary hearing will be narrowed or will negate the need for a hearing, the parties shall file a
18 **joint statement by no later than 12:00 p.m. on February 1, 2021.**

19 **IT IS SO ORDERED.**

20 Dated: January 29, 2021

JEFFREY S. WHITE
United States District Judge

23 Cc: USPO Magana (by email)

---

³ To ensure the record is clear, the Court was advised Mr. Unalp would no longer be supervising Defendant due to his retirement and that USPO Hage would be taking over for him. The Court also recently learned that Ms. Hage would be unable to appear and that USPO Magana would appear at the hearing in her stead. The Court wishes to make clear that any communications between it and the Probation Office on these notifications was not intended as approval – tacit or otherwise – of their appearances as witnesses.

2